IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CLIFFORD LESTER,**

    **Petitioner,**

**v.**	**CIVIL ACTION NO. 1:04CV247**
    **(Judge Stamp)**

**K.J. WENDT,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On November 24, 2004, the *pro se* petitioner, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, 28 U.S.C. §2241

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

The petitioner was convicted in the United States District Court for the Southern District of New York. The petitioner is currently serving his sentence at FCI-Gilmer, Glenville, West Virginia, in the Northern District of West Virginia. His conviction and sentence were affirmed by the Second Circuit Court of Appeals. The petitioner then filed an unsuccessful §2255 motion.

Now, the petitioner seeks relief under 28 U.S.C. §2241. In his petition, the petitioner raises the following grounds:

    1.    The Government failed in its burden of proof as to all the elements of the

charged Hobbs Act violation.

2. Petitioner is asserting his actual innocence, his factual innocence, and his legal innocence of the Hobbs Act.

The petitioner states in his §2241 application that none of these grounds have been previously presented to another court because of ineffective assistance of counsel.

This matter, which is pending before me for Report and Recommendation pursuant to LR PL P 83.09, is ripe for review. As discussed below, the undersigned recommends that the petitioner's §2241 petition be denied.

### III. ANALYSIS

Any petition filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

However, a federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

It is unclear why the petitioner believes that he can challenge his conviction via a §2241 petition in this Court. In fact, in his petition he seems to refer to his application as an application to file a second or successive habeas petition. However, this Court can not grant permission to file a second or successive habeas petition. See 28 U.S.C. §2244. Further, to the extent the petitioner believes the Supreme Court has issued new law regarding Hobbs Act violations, see Scheidler v. National Organization for Women, 535 U.S. 393 (2003), such does not afford him §2241 relief. In Scheidler, the Supreme Court held that the obtaining'" property element of extortion under the Hobbs Act includes both a deprivation and acquisition of property.

The petitioner has failed to demonstrate that the Scheidler case deemed his conduct no longer criminal. Thus, he is not entitled to §2241 relief. To the extent, the petitioner seeks to obtain permission to file a second or successive petition such must be made to the Second Circuit Court of Appeals.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: July 20, 2005

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE