IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLIFFORD LESTER,

    Petitioner,

v.                                         Civil Action No. 1:04CV247
                                                       (STAMP)

K.J. WENDT, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On November 24, 2004, the petitioner, Clifford Lester, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to Local Rule of Prisoner Litigation Procedure 83.09, to recommend disposition of this matter.

On July 20, 2005, Magistrate Judge Kaull entered a report recommending that the § 2241 petition be denied and dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. The petitioner filed objections to the report and recommendation on August 1, 2005.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Discussion

In his § 2241 petition, petitioner contends that: (1) the government failed in its burden of proof as to all the elements of the charged Hobbs Act violation; and (2) he is actually, factually and legally innocent of violating the Hobbs Act.

The magistrate judge correctly stated that any petition filed under § 2241 must pertain to "an applicant's commitment or detention." On the other hand, the magistrate judge noted that a § 2255 motion to vacate a sentence is a collateral attack upon the imposition of a prisoner's sentence. However, a prisoner may seek relief under § 2241 when § 2255 is "inadequate or ineffective to test the legality" of the prisoner's detention. 28 U.S.C. § 2255.

The United States Court of Appeals for the Fourth Circuit has determined prerequisites for finding that § 2255 is an inadequate

or ineffective remedy. As stated in In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

The petitioner argues, in his § 2241 and in his objections to the magistrate judge's report and recommendation, that Scheidler v. National Organization for Women, 537 U.S. 393 (2003) affords him relief under § 2241. This Court disagrees. In Scheidler, the Supreme Court held that obtaining property under the Hobbs Act includes both a deprivation and an acquisition of property. Id. In Scheidler, the Supreme Court found that the defendants did not "obtain" or attempt to obtain property from the private plaintiff, thus the defendants did not commit extortion under the Hobbs Act. Id. In this case, the petitioner argues that his situation is similar to Scheidler because he did not attempt to obtain property from two of the government's witnesses, Louis Calicchia and Joseph Calicchia.

This Court finds that the petitioner has failed to demonstrate that the Scheidler case determined that his particular conduct was no longer criminal. Id. Thus, the petitioner is not afforded relief under § 2241 because he failed to meet the second prong of

3

the test stated in In re Jones, 226 F.3d at 328. Further, this Court finds that the petitioner's assertion that he is innocent of violating the Hobbs Act, without further evidence, does not prove that he is actually innocent. Accordingly, this Court finds that the petitioner's § 2241 petition must be denied.

III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, this § 2241 petition is DENIED and this civil action is hereby DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 26, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE